UNITED STATES COURT OF INTERNATIONAL TRADE

| | : | |
|---|---|---|
| PRINTING TEXTILES, LLC DBA BERGER TEXTILES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Court No. 23-00062** |
| | : | |
| UNITED STATES, | : | **PUBLIC DOCUMENT** |
| | : | |
| Defendant. | : | |

## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT OR ORDER

Pursuant to Rule 60(b)(1) of the United States Court of International Trade ("CIT"), Plaintiff, Printing Textiles, LLC dba Berger Textiles ("Berger"), through its undersigned attorney, hereby respectfully moves this Court for an Order relieving Berger from the April 1, 2025, dismissal and restoring this matter to the Customs Case Management Calendar through and until December 26, 2025.[1]

Berger commenced this matter by the filing of a summons on March 15, 2023. However, as no complaint was filed, the Summons was placed on the Customs Case Management Calendar pursuant to USCIT Rule 83(a). Pursuant to USCIT Rule 83(c), the Summons in this matter was to remain for an initial twenty-four (24) month period, and at the end of that period, the matter needed to be removed from the Calendar, or a motion filed to extend its time to remain on said Calendar. The initial twenty-four (24) month

---

[1] December 26, 2025, is 270 days from March 31, 2025.

1

period in this matter expired on March 31, 2025.

On September 14, 2023, Berger commenced an action (Court no. 23-00192) in the CIT to determine to whether the United States Department of Commerce errored in placing the same merchandise as the instant action under the scope of an antidumping order. Berger noted the instant case in Form 5, Information Statement. On October 8, 2024, this Court found in favor of the United States. On November 21, 2024, Berger filed a Notice of Appeal. As of the date of this submission the case (Court no: 25-1213) remains open in the United States Court of Appeals for the Federal Circuit ("CAFC"). Response briefs are due on May 5, 2025. Berger expects to submit a reply brief thereafter.

Counsel for Berger overlooked, as a calendaring mistake, the March 30th deadline for this case. As a result, Berger failed to file a timely motion under CIT Rule 83(c) to remain on the Customs Case Management Calendar; and on April 1, 2025, the Court issued a Dismissal Order. Counsel was not aware of its oversight until the entry of the dismissal in this matter.

Rule 60(B) of the Rules of Civil Procedure provides that upon a motion made within a reasonable time, the Court may relieve a party from an order for "(1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the judgment." Excusable neglect is assessed by considering: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *U.S. v. Horizon Prods. Int'l Inc.*, 34 F.Supp.3d 1365, 1367 (Ct. Int'l Trade 2015) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 392, 395 (1993)). Furthermore,

the court may consider "all relevant circumstances surrounding the party's omission." *Home Prods. Int'l, Inc. v. United States*, 521 F.Supp.2d 1382, 1385 (Ct. Int'l Trade 2007) (citing *Pioneer*, 507 U.S. at 395).

Here, the above factors weigh in favor of granting the instant motion and support a finding that Berger's neglect is "excusable" for purposes of Rule 60(b). First, there is no prejudice to Defendant, as Berger's neglect has not caused any material delay in this case. A complaint in the instant matter hinges on the outcome of the related CAFC case and may determine whether a resolution of this case, without further involvement of the Court, is needed. Second, the length of delay here is minimal and has not caused any material delay in this case. Moreover, Berger's counsel quickly informed CIT's Case Management that Berger would submit this motion and quickly reached out to counsel of the Defendant to obtain consent. Importantly, on April 2, 2025, Christopher A. Berridge, Esq., counsel for Defendant, stated the Defendant's position as follows: "We consent to the motion given the open CAFC scope case." The matter was also eligible to remain on the Customs Case Management Calendar for an additional two (2) years pursuant to CIT Rule 84. Third, Plaintiff's failure to file a timely motion to extend the time for the above referenced case to remain on the Customs Case Management Calendar was purely the result of a mistake and inadvertence, whereby counsel's normal procedures for calendaring relevant deadlines established by the Court were not followed due to an oversight. Counsel for Berger regrets this mistake and intends to take additional steps to ensure that all future deadlines established by the Court in this case are timely met. Fourth, Berger has, at all times in these proceedings, acted in good faith and takes CIT deadlines with utmost seriousness. This

is the first time that Berger (and Berger's counsel) failed to comply with a deadline established by the Court. Finally, as required by USCIT Rule 60(b)(1), the instant motion is being filed within a reasonable time, within three days after the date of the Order. For all these reasons, Berger believes there is ample support for a finding that Berger's neglect is "excusable" for purposes of Rule 60(b), and that the circumstances described above warrant setting aside the Dismissal Order in the interests of justice.

**WHEREFORE**, Berger respectfully requests that its Motion be granted in all respects.

Respectfully submitted,

By: /s/ Kyl J. Kirby
Kyl J. Kirby

**KYL J. KIRBY, ATTORNEY AND COUNSELOR AT LAW, P.C.**
1400 Lipscomb Street
Fort Worth, TX 76104
Tel: (214) 632-0841
*Counsel to Printing Textiles, LLC dba Berger Textiles*

Date: April 4, 2025